RECEIVED
JUN 25 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON CHAD REDDITT | CIVIL ACTION NO. 1:12-CV-405 |
| VERSUS | JUDGE TRIMBLE |
| C. RUNGE, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Jason Chad Redditt filed the instant civil rights complaint pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary (USP) in Pollock, Louisiana. He names as defendants C. Runge, K. Craft, R. Smith, Case Manager Jefferson, Lt. Lee, R. Martinez, and Ms. Gardner. He complains of conditions of confinement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff alleges that on February 15, 2011, at 7:00 p.m., he was taken to the administrative segregation for an incident that took place on the compound. He was placed "inside of the special

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

housing unit ("SHU") law library upstairs with inmate Michael Parrish where an objectionable odor of urine strongly permeated the room...." [Doc. #1, p.3] At around 9:45 p.m., Plaintiff was escorted to the A-1 Unit in the general population to be locked down so that he would have proper access to running water and a toilet. [Doc. #1, p.4]

The following day, on February 16, 2011, at around 5:00 a.m., Plaintiff and another inmate were handcuffed and taken from A-1 unit back to the SHU law library where the room "reaked [sic] of urine." [Doc. #1, p.5] There was a one-half quart container of urine as well as a puddle of urine on the floor. All requests to use the bathroom were ignored. The inmate in the library with Plaintiff informed officer C. Runge that he needed the bathroom, as he was going to have a bowel movement. Runge told the inmate to wait. While serving the inmates lunch, the inmate complained again that he needed the bathroom. Runge gave the inmate an empty ice cream box to use as a toilet. When the inmate complained that it was too small, the guard gave him a Styrofoam plate to use as a toilet. The inmate was forced to relieve himself on the plate. Plaintiff states that Runge would not take the "plated excrement" and dispose of it.

Eventually, at 2:30 p.m., officer K. Craft began his shift. Craft responded to the Plaintiff's calls for help. He put the plate of waste in a trash bag, removed the bag from the library,

and placed it in a trash can just outside the door to the SHU. [Doc. #12, p.4] Craft left the food slot open, as it was the only means of letting clean air into the room. Neither Plaintiff nor the other inmates were removed from the SHU library for access to a toilet or running water until 6:00 that evening.

When Plaintiff told Lt. Lee what happened, Lee acknowledged that it was "[expletive] up" and smiled at Plaintiff.

Plaintiff claims that the rest of the defendants denied him due process by not properly processing grievances related to the incident or following up on Plaintiff's complaints.

### *Law and Analysis*

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999), quoting Woods v. Edwards, 51 F.3d 577, 581 (5th Cir.1995). In order to prevail on a conditions of confinement claim, a prisoner must allege facts that suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." Id.

Plaintiff has not alleged deliberate indifference by Defendant K. Craft. He claims that it was Craft who, upon starting his shift at 2:30 p.m., actually responded to the plaintiff and removed the plate of waste from the library. Plaintiff alleges that K. Craft at least attempted to help ventilate the room by leaving the food slot open for the inmates. The inmates were removed from the library at 6:00 p.m. From the complaint Plaintiff has not alleged any deliberate indifference by K. Craft. The claims against K. Craft should be dismissed.

The claim against Lt. Lee should be dismissed because harassment does not constitute a Constitutional violation. See Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir. 1995) citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

As to the other defendants, R. Smith, Case Manager Jefferson, Lt. Lee, R. Martinez, and Ms. Gardner, Plaintiff complains that his due process rights were violated with regard to the filing and processing of his grievance. However, an inmate has no constitutional right to a grievance procedure, and has no due process liberty interest in having his grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005). Additionally, the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). For this reason, the due process claims

against R. Smith, Case Manager Jefferson, Lt. Lee, R. Martinez, and Ms. Gardner should be dismissed.

Plaintiff has not alleged any physical injury. Under 42 U.S.C. § 1997e(e), the lack of injury would bar any claim Plaintiff may seek to present for compensatory damages. See See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999); 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Plaintiff states that he is seeking only punitive damages. A physical injury is not required for an inmate to state a claim for punitive damages. See Hutchins v. McDaniels, 512 F.3d 193 (5th Cir. 2007).

It appears that, in the Fifth Circuit, the complete deprivation of toilets for twelve hours may at least state a claim for which relief could be granted. See Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999); Burnette v. Bureau of Prisons, 277 Fed. Appx. 329 (5th Cir. 2007). Of course, the defendant may have a legitimate penological reason for why the inmate confined with Plaintiff could not be taken to a toilet. The only defendant that Plaintiff could arguably state a claim against is Defendant C. Runge. Therefore, the complaint will be served on that defendant, alone.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's claim for **punitive damages** be **denied and dismissed** with prejudice for failing to state a claim for which relief can be granted against all defendants *except* Officer C. Runge.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 22th day of June, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE