RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/22/13
JPB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JASON REDDITT,<br>    Plaintiff | CIVIL ACTION<br>NO. 1:12-CV-00405 |
| VERSUS | |
| C. RUNGE, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] on February 13, 2012, by plaintiff Jason Redditt ("Redditt"). The named defendants are K. Craft (special housing unit officer at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"), R. Smith (unit counselor at USP-Pollock), Case Manager Jefferson (case manager at USP-Pollock), and Lieutenant Lee (a lieutenant at USP-Pollock).

Redditt contends that, while he was imprisoned in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock") on

---

[1] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

February 16, 2011, he and one other inmate, "MP," were housed in the law library and not afforded access to restroom facilities from 5:00 a.m. until about 6 p.m.; instead, defendant Runge gave them containers to urinate in (Doc. 1).  Redditt contends that his and the other inmate's requests to go to the restroom were ignored and, sometime after 11:25 a.m., Runge gave MP a styrofoam plate to use the bathroom on and toilet paper.  After MP defecated on the plate, Runge gave him a garbage bag to dispose of the plate.  Redditt contends that, although they were given toilet paper, there was no water to wash their hands (Doc. 1).  Redditt contends that, after defendant Kraft began his shift at 2:30, he allowed them to dispose of the garbage bag containing feces.  Redditt contends that defendant Lieutenant Lee failed to investigate the incident when Redditt reported it to him later that day.  Redditt further alleges that defendant Jefferson provided Redditt with a grievance form and gave it to defendant Smith after Redditt filled it out, and defendant Smith ruled in favor of the staff on Redditt's grievance three months later.  Redditt contends he filed a grievance ("BP-9") with Warden Sherrod on May 18, 2011, and that he filed another grievance on May 23, 2011 when defendant Smith brought him another grievance form.

Redditt contends that, on November 1, 2011, he received a

response from the USP-Pollock warden,[2] which was signed no October 10, 2011, and which stated that Runge and Kraft had admitted housing Redditt in the library, and had not immediately responded to two requests to use the restroom because the first request was made during a meal and the second request was made during recreation activities, but that the request was granted within thirty minutes and Redditt was moved to a cell shortly thereafter.

All of Redditt's claims were dismissed except his claims against defendant Runge (Doc. 23). Runge answered the complaint (Doc. 24) and filed a motion for summary judgment with an affidavit (Doc. 40). Redditt filed a response to the motion for summary judgment (Doc. 45). Runge's motion for summary judgment is now before this court for disposition.

Law and Analysis

The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or

---

[2] At that time, Redditt has been transferred to the United States Penitentiary in Lewiburg, Pennsylvania.

address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all

inferences most favorable to the nonmovant. <u>Herrera v. Millsap</u>, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

<u>Defendant Runge</u>

When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs, e.g., food, clothing, shelter, medical care, and reasonable safety, it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him but from the limitation which it has imposed on his freedom to act on his own behalf. <u>Hare v. City of Corinth</u>, 74 F.3d 633, 639 (5th Cir. 1996), and cases cited therein. The basic concept underlying the Eighth Amendment is nothing less than the dignity of man. <u>Hope v. Pelzer</u>, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), citing <u>Trop v. Dulles</u>, 356 U.S. 86, 100 (1958). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Among unnecessary and wanton inflictions of pain are those that are

totally without penological justification. In making this determination in the context of prison conditions, a court must ascertain whether the officials involved acted with deliberate indifference to the inmates' health or safety. We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious. Hope v. Pelzer, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), and cases cited therein.

Punishment rises to the level of cruel and unusual only if it involves an unnecessary and wanton infliction of pain. No static test exists that measures whether conditions of confinement are cruel and unusual, for the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society. Talib v. Gilley, 138 F.3d 211, 213-14 (5th Cir. 1998).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious and the prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind, i.e. deliberate indifference to a prisoner's constitutional rights, to be subjected to a § 1983 liability to that prisoner. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1976 (1994); Hare, 74 F.3d at 648. A prison official cannot be found liable under the Eighth Amendment for denying an

inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An official's failure to alleviate a significant risk that he should have perceived but did not, while not cause for commendation, cannot under our cases be condemned as the infliction of punishment. <u>Farmer</u>, 114 S.Ct. 1979. See also, <u>Olabisiomotosho v. City of Houston</u>, 185 F.3d 521, 526 (5th Cir. 1999).

Jails must provide "reasonably adequate" sanitation. <u>Green v. Ferrell</u>, 801 F.2d 765 (5th Cir. 1986). Also, <u>Sanford v. Brookshire</u>, 879 F.Supp. 691, 693 (W.D.Tex. 1994) (Eighth Amendment violation where plaintiff was housed in a cell with a non-functioning toilet for six days). However, to succeed on a deprivation-of-hygiene claim, plaintiff must show an "extreme deprivation" of sanitation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). Short term deprivations of toilet paper, towels, sheets, blankets, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation. <u>Martin v. Lane</u>, 766 F.Supp. 641, 648 (N.D.Ill. 1991), and cases cited therein (short term deprivation for 18 days is not a constitutional violation).

Redditt contends he was deprived of access to a restroom for

about thirteen hours. Redditt contends that, although he was given a container to urinate in and toilet paper, he did not have place to defecate and did not have water to wash his hands. Redditt does not contend that he needed to defecate, but instead only alleges the other inmate he shared the library with, MP, had to defecate on a styrofoam plate.

Although it was undoubtedly uncomfortable, Redditt alleges he was only deprived of a restroom facility for about thirteen hours by Runge. Therefore, even accepting Redditt's allegations as true, Redditt has not alleged a deprivation that rises to the level of an Eighth Amendment violation.

Accordingly, Redditt's action against Runge should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Redditt's action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered

by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 22nd day of February 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE